# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

v.                                     CRIMINAL ACTION NO. 2:19-cr-00074-01

JESSICA LYNN HALL,

               Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Defendant's pro se *Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C § 3582(c)(1)(A)(i)* (Document 123). Therein, the Defendant asserts that she suffers from serious physical and mental health conditions and would be at risk of severe complications should she contract COVID-19. The United States has not filed a response. For the reasons stated herein, the Court finds that the motion should be denied.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). "[U]nder the statute, a defendant becomes *eligible* for relief only if the court finds that a reduction is both (1) warranted by 'extraordinary and compelling reasons' and (2) 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. High*, 997 F.3d 181, 186 (4th

Cir. 2021). As no applicable policy statement currently exists, "courts may take an individualized approach in determining whether 'extraordinary and compelling' reasons are established." *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020). Thus, "district courts are 'empowered ... to consider any extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). With respect to COVID-19, the Fourth Circuit reasoned that a combination of allegations that the risk of contracting the illness is higher in prison than in the community, and that the inmate has preexisting medical conditions that increase the risk of serious or fatal illness could state a compelling case. *High, 997 F.3d* at 185 (further noting that an inmate could also present a strong case if she contracted COVID-19, the prison was unable to address the condition, and there were "circumstances calling for compassion").

However, even if a defendant demonstrates extraordinary and compelling reasons for a sentence reduction, the motion could be denied based on the court's consideration of the § 3553(a) sentencing factors. *Id.* at 186-87. The court may not grant a sentence reduction under 18 U.S.C. § 3582 without first considering the § 3553(a) sentencing factors in "deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." *High*, 997 F.3d at 186.

Here, Ms. Hall asserts that she sought appropriate relief from the BOP which has been denied and the BOP has decided not to seek relief on her behalf. She states that she has unique health conditions, including obesity and mental health conditions which place her at an increased risk of complications were she to contract COVID-19. Further, she states that she no longer presents a danger to the public and has taken substantial steps toward rehabilitation in her time in prison. Accordingly, she moves this court for compassionate release.

2

Ms. Hall pled guilty to the offense of Possession with Intent to Distribute 50 Grams or More of a Mixture Containing a Detectable Amount of Methamphetamine, its Salts, Isomers, and Salts of its Isomers, and Quantities of Heroin and Fentanyl in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B).  The evidence at sentencing indicated that Ms. Hall was found in possession of substantial quantities of controlled substances with intent to distribute, and was attributed with 136.574 grams of heroin, 440 grams of methamphetamine, and 92.426 grams of fentanyl.  The Court applied the two-level guideline reduction for the safety valve pursuant to U.S.S.G. § 2D1.1(b)(16).  She had a limited criminal history, including one conviction to which a single criminal history point attached, a 2012 shoplifting conviction for which she was placed on unsupervised release and assessed fines and court costs.  This resulted in a criminal history category of I.  Thus, after calculating a final Total Offense Level of 25 with a criminal history category of I, Ms. Hall faced a guideline sentence of 57-71 months.  The Court imposed a sentence of 71 months of incarceration on September 11, 2019.  The sentence also included 4 years of supervised release following the period of incarceration.  The Bureau of Prisons Inmate Finder tool indicates that Ms. Hall is located at Carswell FCI, with an anticipated release date of August 6, 2024.

Ms. Hall, who is 32 years old, details notable health conditions that, taken together, could increase the risk of complications if she contracted COVID-19.  She states that during her time in prison, she has gained substantial weight and is currently obese.  She also notes that she suffers from migraine headaches, bipolar II disorder, glaucoma, and neuropathy. Ms. Hall has a long history of drug addiction.

3

Additionally, she cites high prevalence of the COVID-19 virus in her facility, increasing her risk of exposure. As of February 23, 2022, there were 96 confirmed positive cases of COVID-19 at Carswell FMC where the Defendant is housed. *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed February 23, 2021). This included 47 inmates and 49 staff. *Id.* To date, eight inmates have died from COVID-19 infections at Carswell FMC. *Id.* These numbers represent the sixth highest number of inmate positives, the fifth highest number of staff positives, and the tenth highest number of inmate deaths of any BOP facility. *Id.* Due to the outbreak, and despite administering hundreds of vaccinations, Carswell FMC along with all other BOP facilities are currently using the highest level of restrictive conditions to attempt to contain the outbreak. *Id.*

If released, she asserts that she will return to her home in Oak Hill, Fayette County, West Virginia where she will have additional space to isolate. As of February 22, 2022, Fayette County had 128 active cases of COVID-19. *Coronavirus Disease 2019*, West Virginia Department of Health and Human Resources, https://dhhr.wv.gov/COVID-19/Pages/default.aspx (last accessed February 23, 2022). During the preceding seven days, the county's daily test positivity rate fluctuated between 7.26% and 23.71%. *Id.* She notes that she will be able to isolate more effectively if released despite the continued prevalence of the virus in the county.

 Further, in her motion, Ms. Hall points to the steps she has taken toward rehabilitation while incarcerated and argues that she has faced sufficient punishment already to adequately serve the goals of sentencing. She cites numerous courses she has completed, her maintenance of a prison job throughout her incarceration, and her participation in the Residential Drug Abuse Program (RDAP) when it was available.

4

Ms. Hall has pled substantial facts that indicate she may be at a heightened risk for complications from COVID-19, and that the BOP facility cannot adequately prevent her from the risk of contracting the virus. This likely could establish at least a particularized risk of infection given the conditions at her facility. However, even if the alleged facts present extraordinary and compelling circumstances, the Court must examine the factors set forth in 18 U.S.C. §3553(a). That statutory provision instructs a court to consider several sentencing factors including "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with ... training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

Ms. Hall's offense was serious. She was charged in four counts of a five-count indictment. She was charged in Counts One and Three with the distribution of heroin, in Count Four with distribution of fentanyl, and in Count Five with possession with intent to distribute 50 grams or more of a detectable amount of methamphetamine and quantities of heroin and fentanyl. Counts One, Three and Four were based on controlled sales to a confidential informant. Ms. Hall distributed and possessed with the intent to distribute the most dangerous drugs typically seen in these types of cases. As previously stated, the execution of a search warrant at her home resulted in the discovery of substantial quantities of methamphetamine, heroin and fentanyl. Communities across the country have been negatively impacted by the illegal distribution of these very substances. Although not attributed to her for purposes of sentencing, three firearms and ammunition were found in the home, as well. The combination of these substances and weapons

5

increased the risk of violence. Given the circumstances of the offense of conviction and Ms. Hall's relevant conduct, the need for just punishment, deterrence and protection of the public, a significant sentence was warranted.

Assuming that her health conditions coupled with the COVID outbreak in her facility constitute an extraordinary and compelling reason for release, having considered the risks to Ms. Hall and the 3553(a) factors specifically including her history, the seriousness of the offense, the need to deter similar conduct and protect the public while promoting respect for the law, the Court finds that Ms. Hall's release after completing less than half of her guideline sentence is unsupported. Further, sentence disparity between Ms. Hall and others convicted of the same or similar conduct with similar histories would result.

Wherefore, after careful consideration, the Court **ORDERS** that the *Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C § 3582(c)(1)(A)(i)* (Document 123) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:    February 24, 2022

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

6