IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                            CRIMINAL ACTION NO. 2:19-cr-00074-01

JESSICA LYNN HALL,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Request for Early Termination of Probation* (Document 127), wherein she moves the Court to terminate her term of supervised release. Both the United States and Probation oppose terminating Ms. Hall's supervised release at this time because she has served less than two-thirds of her term of supervised release.

Pursuant to 18 U.S.C. §3583(e)(1), the Court may terminate a term of supervised release and discharge a defendant after the expiration of one year of supervised release. If such circumstances exist, the Court may modify or terminate the term of supervised release after considering the factors set forth in 18 U.S.C. §3553(a), and if warranted by the conduct of the defendant and the interest of justice. 18 U.S.C. §3583(e)(1); see also *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

On September 11, 2019, the Court imposed a sentence of 71 months of imprisonment to be followed by four years of supervised release as a result of her guilty plea to possession with intent to distribute 50 grams or more of a mixture containing methamphetamine and quantities of heroin

and fentanyl, in violation of 21 U.S.C. § 841(a)(1).  She began serving her term of supervised release on August 18, 2023.  Her term of supervised release is scheduled to discharge on August 17, 2027.

In support of her motion, Ms. Hall states she has complied with all terms of her release, has made significant strides in her personal growth and rehabilitation, has a stable support system, and has maintained good behavior.  She further states that she has kept steady employment, attended mandatory counseling sessions and has continued to receive therapy, and consistently tested negative for drugs.  Ms. Hall states she supports herself "because [she wants] a better life" and that doing well makes her "feel good, and it is that feeling that encourages [her] to continue doing well."  (Document 127 at 1).  She indicates that she has "demonstrated the necessary qualities to live a prosocial and law-abiding life and contribute positively to society without the constraints of [supervised release]."  (*Id*. at 2).

Probation agrees that Ms. Hall has been cooperative and maintained a positive attitude while on supervision.  It is reported that she works at Quality Inn in Fayetteville, West Virginia.  Probation states she has been compliant with all terms of her supervised release and tested negative for substances.  A records check indicates that she has not been arrested since the instant offense.  Ms. Hall was transferred to the "low intensity supervision caseload in January 2025."  (USPO Mem. at 1).  Probation states that while Ms. Hall meets the criteria for early termination of her supervision, she has only served 25 months of her 48-month term of supervision and recommends that she complete at least two-thirds of her supervision.  Ms. Hall will complete two-thirds of her supervision in April 2026.

While the Court recognizes that Ms. Hall has taken steps towards rehabilitation, the Court finds that she is not an appropriate candidate for early termination of supervised release at this

time. Ms. Hall has completed only two years of a four-year term of supervised release. Remaining on supervised release will provide Ms. Hall with resources and support to ensure that she continues to be successful in her rehabilitative efforts. Continued supervision will deter Ms. Hall from committing additional offenses and will also avoid unwarranted sentence disparities among defendants convicted of similar conduct. The Court, therefore, finds that granting Ms. Hall's request to terminate her term of supervised release is not appropriate.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Request for Early Termination of Probation* (Document 127) be **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: September 23, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA