**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v. CRIMINAL ACTION NO. 2:19-cr-00074-01

JESSICA LYNN HALL,

Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Request for Early Termination of Probation* (Document 129), wherein she asks the Court to terminate her term of supervised release.

Pursuant to 18 U.S.C. §3583(e)(1), the Court may terminate a term of supervised release and discharge a defendant after the expiration of one year of supervised release. The Court may modify or terminate the term of supervised release after considering the factors set forth in 18 U.S.C. §3553(a), and if warranted by the conduct of the defendant and the interest of justice. 18 U.S.C. §3583(e)(1); see also *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

On September 11, 2019, the Court imposed a sentence of 71 months of imprisonment to be followed by four years of supervised release as a result of her guilty plea to possession with intent to distribute 50 grams or more of a mixture containing methamphetamine and quantities of heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1). She began serving her term of supervised release on August 18, 2023. Her term of supervised release is scheduled to end on August 17, 2027. Ms. Hall filed her first motion for early termination of supervised release on September 8,

2025, but this Court denied her motion in a *Memorandum Opinion and Order* (Document 128) issued on September 23, 2025, finding that early termination was not warranted due to her having completed only two years of her four-year term of supervision. Ms. Hall again requests that the Court terminate her term of supervised release early based on her satisfactory conduct.

In support of her motion, Ms. Hall states she has complied with all terms of her release, has made significant strides in her personal growth and rehabilitation, has a stable support system, and has maintained good behavior. She further states that she has attended mandatory counseling sessions and has continued to receive therapy and consistently tested negative for drugs. Ms. Hall states she has a stable support system, including her "family, friends, and coworkers who continue to assist in. . . [her] reintegration process." (Document 129 at 1). She indicates that she has "demonstrated the necessary qualities to live a prosocial and law-abiding life and contribute positively to society without the constraints of [supervised release]." (*Id*. at 2).

Ms. Hall's Probation Officer notes she has maintained a positive and cooperative attitude while on supervision. In addition, her Probation Officer notes that she has paid the special assessment fee, submitted negative urine specimens, has remained in compliance with all other conditions of supervised release, and has not engaged in new criminal conduct. Ms. Hall's Probation Officer reports that she was transferred to the low intensity supervision caseload given her consistent compliance and that Ms. Hall meets the criteria established by the Administrative Office of the United States Courts for early termination of supervised release.

After considering the applicable § 3553(a) factors, the Court finds Ms. Hall's conduct and the interest of justice warrant early termination of her supervised release. She has served three-quarters of her four-year term of supervised release, and during that time she has complied with

the conditions of release and has demonstrated a commitment to maintaining a law-abiding lifestyle. Ms. Hall's continued compliance and lifestyle changes, as well as her lack of criminal conduct, demonstrate that she is no longer a threat to the public and is evidence that supervised release is no longer necessary to serve as a deterrence.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Motion* (Document 129) be **GRANTED** and that she be released from supervision effective immediately.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: October 14, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA